

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Farris Pirtle
County Auditor
Fannin County
Bonham, Texas

Dear Sir:

Opinion No. O-7420

Re: Fees pertaining to delinquent
tax suits in Independent School
Districts.

Your letter requesting an opinion from this department
on the above subject matter is as follows:

"I am writing you for information pertaining
to delinquent tax suits in Independent School Dist-
ricts.

"I wish to determine the District Clerk's fee
when a citation is issued, judgment rendered, order
of sale issued, and the return made?

"Under the same conditions, what is the legal
fee that the Sheriff may claim?

"I shall thank you for your opinion in the
above matter."

Article 7332, V.A.C.S., provides in part the following:

"The County or District Attorney shall repre-
sent the State and County in all suits against de-
linquent tax-payers, and all sums collected shall be
paid over immediately to the County Collector.

"Before filing suits for the recovery of delin-
quent taxes for any year, notice shall be given to
the owner or owners of said property as is provided
for in Article 7324 of the Revised Civil Statutes of
Texas, 1925, as amended by Chapter 117, page 196,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Farris Pirtle - Page 2

Acts of the Forty-second Legislature, Regular Session. The fees herein provided for shall not accrue to nor shall the various officers herein named be entitled thereto in any suit unless it be proved that notice has been given to the owner for the time and in the manner provided by law.

"In all cases, the compensation of said Attorney shall be Two ($2.00) Dollars for the first tract and One ($1.00) Dollar for each additional tract up to four (4), but said fee in no case to exceed Five ($5.00) Dollars. And provided, that in any suit brought against any individual or corporate owner, all past due taxes for all previous years on such tract or tracts shall be included; and provided, further that where there are several lots in the same addition or subdivision delinquent, belonging to the same owner, all said delinquent lots shall be made the subject of a single suit.

"All fees provided for the officers herein shall be treated as fees of office and accounted for as such, and said officers shall not receive nor retain said fees in excess of the maximum compensation allowed said officers under the laws of this State; and provided further that the County Attorney, Criminal District Attorney or District Attorney shall not be entitled to the fees herein provided for in instances where such delinquent taxes are collected under contracts between the Commissioners' Court and others for the collection of such taxes, and in such instances the fees herein provided for such officers shall not be assessed nor collected.

"The Sheriff or Constable of the County in which the suit is pending shall receive a fee of Two ($2.00) Dollars in each case which will cover the service of all process, and the selling of the property and executing deeds for same. If, in any such suit, process is issued to be served in Counties other than the one in which the suit is pending, the Sheriff or Constable serving the same shall receive a fee of One ($1.00) Dollar in each suit for his services.

"The District Clerk shall receive a fee of Two ($2.00) Dollars in full for his services in each case.

"The County Clerk shall receive One ($1.00) Dollar in full for his services in each case.

Hon. Farris Pirtle - Page 3

"Provided, that the fees herein provided for in connection with delinquent tax suits shall constitute the only fees that shall be charged by said officers for preparing, filing, instituting, and prosecuting suits on delinquent taxes and securing collection thereof, and all laws in conflict herewith are hereby repealed.

"In case the delinquent tax-payer shall pay to the collector the amount of delinquent taxes for which he is liable, together with accrued interest after the filing of suit before judgment is taken against him in the case, then, only one-half of the fees taxable in such a case, as provided for herein, shall be charged against him. . . ."

Article 7343, V.A.C.S., provides as follows:

"In any incorporated city or town in which any tracts, lots, outlots or blocks of land, situated within the corporate limits of said city or town have been returned delinquent, or reported sold to said city or town for the taxes due thereon, the governing body may prepare or cause to be prepared lists of delinquents in the same manner as provided in this chapter, and such lists shall be certified to as correct by the mayor of said city or town, if any, and if said city or town has no mayor, by the presiding officer of the governing body. After said lists have been properly certified to, the governing body of the city may cause lists of delinquents to be published in a newspaper as provided for State and county delinquent taxes in this law. When twenty days from the date of last publication of said list or lists of delinquents has elapsed, the governing body of the city or town may direct the city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records

Hon. Farris Pirtle - Page 4

are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes." (Underscoring ours)

In the case of Duclos v. Harris County, 298 S.W. 417, the Commission of Appeals held that under Article 7343 the District Clerk was entitled to the same fees in delinquent tax suits brought by Independent School Districts as are authorized in suits for State and county taxes by Article 7332.

We quote the following from our Opinion No. O-836:

"In view of the plain language of all the statutes pertinent to the subject and the established rules of law relating thereto, we conclude that the fees of the respective officers named in the question stated are fixed by Article 7332, as amended; that Article 7345b allows no additional fees to be collected by the District Clerk, Sheriff, Constable or County Attorney, as compensation for any additional services rendered and occassioned by said article. However, it appears that where the state or county is made a party defendant in a suit brought by some other taxing unit, or if not made a party and it is necessary for the state or county to intervene in the suit and the county attorney does file a plea of intervention for the state or county, he is entitled to the attorney's fees allowed on the percentage basis provided for in Section 6. In such an event, he would not be entitled to the fees provided for in Article 7332, as amended. The fees there provided for him are for bringing the suit, while the percentage fees allowed to him in Section 6 are for

answering for a defendant or for intervening for his client, a taxing unit which the law makes it his duty to represent. The actual services rendered are substantially the same, the purpose being to obtain a judgment against the taxpayer with a foreclosure of lien on the property involved, yet it seems that the Legislature has seen fit to distinguish between the services rendered and prescribed a different fee for each service. As heretofore noted, the percentage fee is allowed to the impleaded or intervening tax unit, yet it is specifically authorized to be collected as 'attorney's fees,' and we believe a reasonable interpretation of the statute is that the fee was intended to be given, when collected, to the attorney representing the taxing unit in the suit."

Under the facts submitted and in view of the foregoing authorities, it is the opinion of this department that the district clerk is entitled to a fee of two ($2.00) dollars and the Sheriff is entitled to a fee of two ($2.00) dollars for his services in each case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
&. C. Davis, Jr.
Assistant

By John Reeves
John Reeves

JR:djm

APPROVED OCT 14, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN